IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RALPH ANTONIO TAYLOR, | ) | No. C 13-4831 LHK (PR) |
| Plaintiff, | ) ) | ORDER DENYING MOTIONS FOR RECONSIDERATION |
| v. | ) ) | |
| KAMALA D. HARRIS, et al., | ) ) | (Docket Nos. 5, 7) |
| Defendants. | ) ) ) | |

On July 15, 2013, the court dismissed a federal civil rights complaint, filed in *Taylor v. Harris*, 13-1861 LHK ("*Taylor I*"), for failure to state a claim because plaintiff was attacking the lawfulness of his confinement rather than the conditions of his confinement. Thus, the court dismissed the action without prejudice to plaintiff's filing a federal habeas petition, which was the proper vehicle for attacking the fact or duration of plaintiff's confinement. On July 29, 2013, plaintiff filed a notice of appeal. On August 20, 2013, the Ninth Circuit granted plaintiff's motion for voluntary dismissal of his appeal. On September 25, 2013, plaintiff filed an amended complaint in *Taylor I*. Because *Taylor I* had already been closed, and the appeal had been voluntarily dismissed, the court instructed the clerk to file plaintiff's underlying amended complaint as an original complaint and open a new action in *Taylor v. Harris*, 13-4831 LHK ("*Taylor II*"). On October 17, 2013, the clerk notified plaintiff that he failed to submit the filing fee or a completed application for leave to proceed in forma pauperis in *Taylor II*. On November

5, 2013, plaintiff filed a letter with the court in *Taylor II*, stating that he had not intended to open a new case. Thus, on November 26, 2013, the court filed a notice of dismissal, pursuant to plaintiff's request.

On December 16, 2013, plaintiff filed a motion for reconsideration in *Taylor II*. The court noted that plaintiff had not filed an application for leave to proceed in forma pauperis, nor had he paid the filing fee. The court directed plaintiff to either file a completed application to proceed in forma pauperis, or pay the filing fee within thirty days. The court further warned plaintiff that the failure to do so would result in the denial of plaintiff's motion for reconsideration. More than thirty days have passed, and, rather than comply with the court's direction, plaintiff filed a motion to alter the judgment. Because plaintiff's motion to alter the judgment was not filed within twenty-eight days of the date of judgment, *see* Fed. R. Civ. P. 59(e), the court construes plaintiff's motion as a motion for reconsideration under Rule 60(b). *See* Fed. R. Civ. P. 60(b). So construed, both motions for reconsideration are DENIED.

Rule 60(b) provides a mechanism for parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. *Jeff D. v. Kempthorne*, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). Rule 60(b) provides for reconsideration only upon a showing of: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); *School Dist. 1J v. ACandS Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

In essence, plaintiff argues that the first motion for reconsideration, filed in *Taylor II* on December 16, 2013, requested the court to re-open *Taylor I*, which had been dismissed two months prior. Plaintiff asserts that he had never wished to open *Taylor II*. Rather, plaintiff wanted to amend his complaint in *Taylor I* even though the court had already dismissed and entered judgment in *Taylor I*. Plaintiff now asks this court to close *Taylor II* as essentially opened in error, and re-open and file plaintiff's amended complaint, filed September 25, 2013, in

*Taylor I*.

As an initial matter, plaintiff should have used the caption and case number for *Taylor I* for his December 16, 2013, motion for reconsideration if his intent was to ask the court to reconsider *Taylor I*'s dismissal and re-open the case. Nonetheless, both of plaintiff's motions for reconsideration are denied because he has not demonstrated that he should receive reconsideration based on any of the Rule 60(b) factors.

More importantly, even if the court were to re-open either *Taylor I* or *Taylor II* and screen plaintiff's September 25, 2013 amended complaint under either case number, the court would again dismiss the complaint for failure to state a claim for relief. Notwithstanding the court's order of dismissal in *Taylor I* explaining to plaintiff that the claims presented should be brought in a federal habeas petition, plaintiff's amended civil rights complaint repeats his original claims that his 1987 criminal plea agreement was breached because he did not realize that it could be used against him in a future conviction to enhance any future sentence. Should plaintiff prevail on such a claim, his success would affect the duration of his custody, and the determination of his claim could result in entitlement to an earlier release. Thus, plaintiff's claim must be brought in a habeas petition. *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.") (emphasis in original); *see also Heck v. Humphrey*, 512 U.S. 477, 489-90 (1994) (explaining that a "cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.").

Accordingly, plaintiff's motions for reconsideration are DENIED. No further filings shall be accepted in this closed case.

IT IS SO ORDERED.

DATED: 5/2/14

LUCY H. KOH
United States District Judge